UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

WILLIE BURRAGE,                          )    CASE NO. 1:06 CV 1500
                                         )
            Petitioner,                  )    JUDGE DAVID A. KATZ
                                         )
        v.                               )
                                         )    OPINION AND ORDER
PATRICK HURLEY,                          )
                                         )
            Respondent.                  )

On June 19, 2006, petitioner pro se Willie Burrage filed
the above-captioned habeas corpus action under 28 U.S.C. § 2254.
Burrage is incarcerated in an Ohio penal institution, having been
convicted in 1992, pursuant to a guilty plea, of aggravated murder
with a gun specification.  His 2004 motion for leave to file a
delayed appeal was denied by the Ohio Court of Appeals.  For the
reasons stated below, the petition is denied and this action is
dismissed.

A federal district court may entertain a petition for a
writ of habeas corpus by a person in state custody only on the
ground that the custody violates the Constitution or laws of the
United States.  Furthermore, the petitioner must have exhausted all
available state remedies.  28 U.S.C. § 2254.  Finally, persons in
custody pursuant to a state court judgment must file any federal

habeas petition within one year of the latest of:

> A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Section 2244(d)(2) provides:  "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

It is evident on the face of the petition that over 14 years passed from the date of his conviction to the filing of Burrage's petition.  His 2004 delayed appeal cannot "retrigger" the statute of limitations, under these circumstances, for bringing a federal habeas action.  Searcy v. Carter, 246 F.3d 515 (2001); Winkfield v. Bagley, 66 Fed.Appx. 578, 2003 WL 21259699 (May 28, 2003).  Further, none of the other circumstances set forth in 28 U.S.C. § 2244(d)(1) is claimed to apply, and there is no reasonable suggestion of a basis for tolling the one year statute of limitations.  Therefore, the petition must be dismissed as time-

barred.

Accordingly, the petition is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases.  Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability.  28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

/s/ David A. Katz

_____
DAVID A. KATZ
UNITED STATES DISTRICT JUDGE